IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Sylvia Espinoza,<br>    An Individual,<br><br>    Plaintiff<br><br>v.<br><br>Nestle Purina Petcare Company<br>    A foreign corporation<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-16-0825-HE<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Comes Now, Plaintiff, Sylvia Espinoza , by and through counsel and for her causes of action states as follows:

1. At all material times, Plaintiff, Sylvia Espinoza, has been a resident of the State of Oklahoma within the venue of this Court.

2. At all material times, Nestle Purina Petcare Company ("NPPC") has been a Missouri corporation doing business within the venue of this Court.

3. At the time of the events material hereto Plaintiff was employed by Defendant at its pet food operation at 13900 N. Lincoln, Edmond Oklahoma.

4. On or about February 13, 2015, NPPC terminated the employment of Plaintiff. The proffered explanation was violation of a no-fault attendance point policy. This explanation is pretextual and false.

5. Plaintiff is a female. Prior to her termination she engaged in protected activity of complaining about gender discrimination against her.

6. On or about July 3, 2014, a supervisor at Defendant's Edmond Plant, acting within the scope of his employment or conduct which naturally arose from his employment status, assaulted and battered a Plaintiff by forcefully grabbing and jerking her. Such was with significant force, causing pain. Plaintiff reported the assault to the police and to file a gender discrimination complaint with Defendant's Human Resources department against the supervisor.

7. Defendant was informed on or about July 3, 2014, that Plaintiff reported the assault to the police and to make a sexual harassment complaint.

## Count 1: Retaliatory Discharge

8. All other paragraphs are incorporated herein.

9. Defendant is an employer having more than 15 employees.

10. Prior to February 13, 2015, Plaintiff opposed discrimination based on protected status, including her gender. Plaintiff engaged in protected opposition to unlawful employment practices under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3

11. Defendant was aware of her opposition to discriminatory and retaliatory unlawful employment practices.

12. Plaintiff suffered tangible adverse employment action as a result of her protected opposition. Defendant terminated Plaintiff in retaliation for her opposition to unlawful employment practices.

13. There is a causal connection between the protected opposition and the adverse employment action, including disparate treatment, failure to follow defendant's policies in termination, and use of pretextual reasons for termination.

14. But for her protected activity, Plaintiff would not have been fired.

## Count 2: Gender Discrimination

18. All prior paragraphs are incorporated herein.

19. Defendant is an employer, having more than 15 employees.

20. During the scope and course of her employment, as described above, Plaintiff was subjected to a discrimination and disparate treatment because of her gender. Plaintiff was disciplined and terminated for conduct for which males were not. Defendant's conduct was severe, pervasive, and altered the terms and conditions of Plaintiff's employment.

21. Plaintiff was disciplined and terminated because of her gender

22. Defendant failed to promulgate, train employees in, or effectively implement any policy against gender discrimination.

23. Defendants conduct, described above, is gender discrimination within the contours of 42 USC § 2000e, et seq.

### Count 3:   Public Policy Wrongful Discharge

24. All prior paragraphs are incorporated herein.

25. Defendant's termination of Plaintiff violated the dominate and well-defined public policy of the State of Oklahoma. The well-defined and dominate public policy of the State of Oklahoma includes, without limitation, the right to be free of physical assault and battery in the work place; the right to a safe working environment.

26. Oklahoma public policy further protects employees reporting of criminal acts perpetrated by Defendant's employees against Plaintiff for assault and battery. 23 O.S. § 3[1] Supervisor and co-worker assaults and batteries on employees affects the health and safety of employees. Such Assaults and batteries are criminal acts.  Plaintiff's termination in retaliation for encouraging the reporting and complaining about such assaults and batteries by supervisors against employees they supervise violates Oklahoma public policy.

---

[1] Without limitation, see  *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), favorably citing,  *Palmateer v. International Harvester Co.*, 85 Ill. 2d 124, 421 N.E. 2d 876, 52 Ill. Dec. 13 (Ill. 1981); and *Turner v. Reynolds Ford, Inc.*, 1998 U.S. App. LEXIS 9552 (10th Cir. 1998) (unpublished).

3

### Count 4: National Origin

27. All other paragraphs are incorporated herein.

28. Defendant is an employer, having more than 15 employees.

29. Plaintiff is of Hispanic origin, which Defendant was aware of.

30. Plaintiff's termination, and the events used as a basis therefore, was because of her national origin. Plaintiff was treated differently in the termination and disciplinary process than non-hispanic persons were treated.

31. Defendant's conduct described herein violates Title VII as national origin discrimination.

### Damages

27. The acts and conduct of Defendant, described above, were malicious, spiteful, and in willful and reckless disregard for the legal rights of another.

28. Defendant at all material times had in excess of 500 employees.

29. Within 300 days of her termination, at least by June 10, 2015, Plaintiff timely filed her charge of discrimination and retaliation with the EEOC; Charge No. 564-2015-00607.  Plaintiff files this action within 90 days of her receipt of the April 21, 2016 Notice of Right to Sue.

30.  The acts and conduct of Defendant, described above, are the proximate cause of compensatory damage to Plaintiff, including loss of earnings and benefits, out of pocket costs otherwise covered by insurance,  loss of earning capacity, emotional distress, pain of mind and body, all in an amount in excess of $75,000.00, excluding costs, fees, and interest.

Wherefore, Plaintiff prays that judgment be rendered in her favor and against Defendant in an amount in excess of $75,000.00, together with back-pay,  interest, costs, expenses, attorney fees, reinstatement or front pay as appropriate,  and any and all other legal or equitable relief to which she is entitled.

Jury Trial Demanded

Attorney Lien Claimed

Respectfully Submitted,

s/Loren Gibson
Loren Gibson, OBA 14348
Gibson & Associates, P.L.C.
105 N. Hudson, Suite 312
Oklahoma City, OK 73102
405/270-0900
405/270-0903 (fax)
Counsel for Plaintiff

5